## David A. Kohn v. The Columbia National Bank.

1. VERDICTS—*Preponderance of the Evidence.*—Where the preponderance of the evidence is in favor of the verdict, the judgment rendered upon it will be affirmed.

Assumpsit.—Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed October 17, 1895.

STATEMENT OF THE CASE.

On the 8th day of January, 1892, the appellee, being the owner of a large amount of bonds of the Mecca Company, entered into a contract with the appellant, evidenced by the following writing:

" THE COLUMBIA NATIONAL BANK OF CHICAGO.

CHICAGO, ILLINOIS, January 8, 1892.

MR. D. A. KOHN, City.

My Dear Sir: If you will purchase $25,000 of the first mortgage bonds of the Mecca Company at par, secured by a trust deed in the hands of the Illinois Trust and Savings Bank, said bonds drawing seven per cent interest from January 1, 1892, and due in ten years from date, we will agree to buy said bonds back from you at the same price you paid for same at any time you may desire, upon thirty days' notice from you, allowing you the interest on said bonds from the 1st of January, 1892, until the date of our purchase from you, we reserving the right to purchase these bonds from you at any time by giving you ten days' notice, provided you do not desire to keep them as a permanent investment; that is to say, if we have an opportunity to sell them permanently, and you do not desire to keep them, and if you do not deliver said bonds to us within ten days from the receipt of our notice of our desire to buy said bonds back from you, then this obligation to repurchase the bonds from you shall be void.

Yours very truly,

Z. DWIGGINS, Cashier.

Accepted : D. A. KOHN."

In pursuance of the contract appellant paid the bank

Kohn v. Columbia Nat. Bank.

$25,000, and left the bonds with the appellee for safe keeping. Appellee collected the interest falling due on the bonds and paid it to appellant. Appellant claims that the transaction was a loan by him to the bank of the sum of $25,000, the bonds being collateral security therefor with an option right to purchase.

On April 3, 1893, appellant called at the appellee's banking house and informed appellee's president that he thought he was going to need $5,000, and testifies that he then gave the thirty days' notice and " called the money." In pursuance of this notice $5,000 was paid to appellant.

On the 11th day of May, 1893, appellee, being then insolvent, suspended business and the payment of its obligations, and afterward on the 22d day of May, 1893, one William C. Niblack was appointed its receiver.

After the appointment of the receiver appellant applied to him to surrender the remaining twenty bonds, claiming to be the owner of the same, and for the purpose of satisfying the receiver as to his ownership, presented to the receiver his own affidavit in which he stated that he was the owner of the twenty bonds; that they were left in the vault of appellee for safe keeping; that they were the property of him, the appellant, and were not the property of the appellee, or of any other person, firm or corporation, and also presented an affidavit of the vice-president of the bank to the same effect.

The receiver delivered the bonds to appellant and took his receipt therefor.

Appellant brought this suit to recover the balance, $20,000, of the loan he claims to have made to appellee.

The court gave judgment for the defendant.

MONROE & THORNTON, attorneys for appellant.

DUNCAN & GILBERT, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Day by day and year by year we are more and more impressed with the value of written evidence in determining

what the real transaction between parties was. Writings do not forget, neither do they conjure up recollections in accord with what later experience has shown would have been wise.

The writing in this case, signed by the respective parties, is utterly inconsistent with the theory of appellant; his subsequent conduct in receiving the interest upon these bonds, as well as his demand for them and affidavit stating that they were his property and not the property of the bank, is also inconsistent with his present position.

The preponderance of the evidence is with appellee, and the judgment of the Superior Court is affirmed.